IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JEFFREY H. MICHAEL,**

    Plaintiff,

v.                                                    Civ. Action No. 1:18-CV-58
                                                            (Judge Kleeh)

**THE HARRISON COUNTY COAL COMPANY,**
a Delaware Corporation, and
**CONSOLIDATED COAL COMPANY,**
a Delaware Corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS [ECF NO. 10]**

Pending before the Court is a Motion to Dismiss the Amended Complaint. That motion is fully briefed and ripe for consideration. For the reasons discussed below, the Court will grant the motion.

I.     <u>**PROCEDURAL HISTORY**</u>

The Plaintiff, Jeffrey H. Michael ("Plaintiff"), originally filed this action in the Circuit Court of Marion County, West Virginia, alleging that the Defendants, the Harrison County Coal Company ("HCCC") and Consolidated Coal Company ("CCC") (together, "Defendants"), damaged Plaintiff while conducting long-wall mining operations under and adjacent to his property. On June 25, 2018, Plaintiff filed an Amended Complaint. <u>ECF No. 9</u>. Defendants then filed a Motion to Dismiss the Amended Complaint, which is the

subject of this Order. ECF No. 10. This case was transferred to United States District Judge Thomas S. Kleeh on December 1, 2018.

## II.   FACTUAL BACKGROUND

For the purposes of the pending Motion to Dismiss, the facts reiterated here are regarded as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff owns an interest in land in Mannington District, Marion County, West Virginia. ECF No. 9 at ¶ 1. Beginning in March 2016, Defendants began conducting long-wall mining operations under and adjacent to Plaintiff's property. Id. ¶ 4. During and after the mining operations, Plaintiff noticed damages to his property, to the structures on the property, and to his natural water supplies. Id.

Plaintiff alleges that "[a]s a direct and proximate result of the negligent, illegal or improper long-wall mining operations conducted by the Defendants," he has suffered and continues to suffer from the following damages: damage to the residence, horse barn, riding arena, barn, and other outbuildings; loss of natural water sources; diminution of the total value of the property; loss of the use of the property and/or structures on it; annoyance and inconvenience; functional impairment of the surface lands; and loss of income. Id. ¶ 5. He alleges that Defendants have failed to correct the damages or adequately compensate him despite being aware of the problems with the land. Id. ¶ 6.

Based on these allegations, Plaintiff brings three claims: (1) a common law claim for damages, based on negligent or illegal mining operations; (2) a statutory claim under the Surface Coal Mining and Reclamation Act ("SCMRA"); and (3) injunctive relief. The claim for injunctive relief asks the Court to order Defendants to comply with the SCMRA and provide an itemization of the material damages caused by their mining operations. Plaintiff also requests punitive damages, along with compensatory damages, pre-judgment and post-judgment interest, expert fees, attorneys' fees and costs, and such other further relief as the Court deems proper.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does

not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

### IV.  DISCUSSION

Defendants moved to dismiss Count One (the common law claim), along with the request for punitive damages and the claim for injunctive relief as it relates to the request for itemization. The Court will examine each in turn.

**A.  Count One**

In Count One of the Amended Complaint, Plaintiff asserts a common law claim and alleges that Defendants acted negligently, illegally, or improperly in their long-wall mining operations, directly and proximately causing damages to Plaintiff. See ECF No.

9 at ¶¶ 1–6. Defendants moved to dismiss this cause of action based on support waivers in the coal severance deeds affecting the property. See ECF No. 11 at 4. In his Response, Plaintiff concedes that he has no common law claim due to the waivers. See ECF No. 12 at 4. Therefore, the Court dismisses Count One.

**B.  Punitive Damages**

Plaintiff requests punitive damages within Count II of the Amended Complaint, arguing that Defendants' violations of their mining permit and the SCMRA were "willful, wanton, intentional, conscious, reckless, and malicious, demonstrating outrageous indifference to the safety and welfare of the Plaintiff." ECF No. 9 at ¶¶ 9–13. Plaintiff does not specifically request punitive damages under Count One. Because the Court dismissed the common law claim in Count One, to the extent Plaintiff requests punitive damages for Count One, the Court dismisses those as well.

Plaintiff's other claims stem from the SCMRA and its regulations. Defendants argue that neither the SCMRA, W. Va. Code § 22-3-1, *et seq.*, nor its accompanying rules, W. Va. Code R. § 38-2-1, *et seq.*, allow for the recovery of punitive damages. ECF No. 11 at 5. In Plaintiff's Response, he writes that the Supreme Court of Appeals of West Virginia ("Supreme Court") has held that punitive damages are recoverable here because "[w]here there is intentional rather than merely negligent disregard of the law

designed to protect the public against a particular abuse, and where such intentional disregard of the law permits injury from the exact abuse sought to be avoided, punitive damages may be assessed in addition to compensatory damages." ECF No. 12 at 6–7 (citing Syl. Pt. 1, Addair v. Huffman, 195 S.E.2d 739 (W. Va. 1973) (emphasis removed)). In their Reply, Defendants argue that the SCMRA does not include a provision authorizing punitive damages, and, so, they are not recoverable. ECF No. 13 at 4.

As this Court has noted, under West Virginia law, a statute's silence on punitive damages "is not dispositive on the issue of the availability of that remedy." Virden v. Altria Grp., Inc., 304 F. Supp. 2d 832, 850 (N.D.W. Va. 2004). For instance, the Supreme Court has awarded punitive damages under the West Virginia Human Rights Act ("WVHRA") despite the statute's silence on the issue. Id. (referring to Haynes v. Rhone-Poulenc, Inc., 521 S.E.2d 331, 336 (W. Va. 1999)). The Haynes court reasoned that punitive damages could be appropriate because the statute provided for "any other legal or equitable relief as the court deems appropriate." Id. (citing Haynes, 521 S.E.2d at 345).

In Virden, the plaintiff sought punitive damages under the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Id. The Court noted that the WVCCPA did not include the broad language found in the WVHRA, pointing out that it did not provide for "any

6

other . . . legal . . . relief." Id. (emphasis added). It then listed the available legal remedies under the WVCCPA and noted that the language did not support a finding that punitive damages were available. Id. Therefore, the Court concluded that punitive damages are not available under the WVCCPA. Id.

Here, under the SCMRA, the statute provides that when the law is violated, "[a]ny person or property who is injured through the violation by any operator of any rule, order or permit issued pursuant to this article may bring an action for damages, including reasonable attorney and expert witness fees, in any court of competent jurisdiction." W. Va. Code § 22-3-25(f). A court "may award costs of litigation, including reasonable attorney and expert witness fees, to any party whenever the court determines such award is appropriate." Id. § 22-3-25(d). Neither the statute nor the regulations provides any reference to punitive damages.

Like in Virden, there is no explicit authorization for punitive damages. The Court, as it did in Virden, will examine the language included in the statute. The language here is not as broad as it was in Haynes. In Haynes, the statute included "any other . . . legal . . . relief." Such is not the case here. The statute here references only "damages" and includes only attorneys' fees, witness fees, and costs of litigation. The Court is hesitant to find that punitive damages apply under the SCMRA

when they are not mentioned in the statute and the Supreme Court has not come to that conclusion on its own. The Supreme Court, just over a year ago and at the request of the Fourth Circuit, had an opportunity to address the damages available under such a claim and did not expressly declare that punitive damages were available. See Syl. Pt. 13, McElroy Coal Co. v. Schoene, 813 S.E.2d 128 (W. Va. 2018) (outlining damages available for claims asserted under statute or state regulation). Importantly, "federal courts sitting in diversity rule upon state law as it exists and do not surmise or suggest its expansion." St. Paul Fire & Marine Ins. Co. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995). For these reasons, the Court will dismiss Plaintiff's claim for punitive damages.

**C. Injunctive Relief**

In the Amended Complaint, Plaintiff asks the Court to compel Defendants "to provide him an itemization of the material damages they believe are caused by their longwall mining operations, the costs to repair the damages and their opinion as to the diminution in value of Plaintiff's structures and facilities caused by the same." ECF No. 9 at ¶ 18. He further requests that the Court grant him an injunction compelling Defendants to comply with the SCMRA and its regulations. Id.

Defendants moved to dismiss the claim for injunctive relief as it pertains to the request for an itemization because such a

request is not among the exclusive remedies set forth in the legislative rules. ECF No. 11 at 1–2. Defendants describe this claim as a "discovery request improperly packaged as a claim for relief." Id. at 6. In his Response, Plaintiff argues that the "obligation to turn over the information in question is a necessary implication flowing from their requirement to correct material damage to Plaintiff's surface land." ECF No. 12 at 5.

Neither the SCMRA nor its applicable regulations require a coal mine operator to provide a surface owner with an itemization or other information about the property's condition or cost of repairs. Therefore, this portion of the claim for injunctive relief — which, by its nature, is asking the Court to order compliance with the law — is not one upon which relief can be granted. Plaintiff has cited no law that indicates that a coal mine operator must do this.

It is clear that the SCMRA's remedies available to surface owners are exclusive. In McElroy Coal Co. v. Schoene, the Supreme Court of Appeals of West Virginia partially answered certified questions from the United States Court of Appeals for the Fourth Circuit concerning SCMRA claims and damages. 813 S.E.2d 128 (W. Va. 2018). A surface owner may recover monetary damages, including for annoyance and inconvenience, if the injury to the owner's person or property was because of a violation of a rule, order, or

permit issued under the SCMRA. Id. at Syl. Pt. 13. The Supreme Court instructed that if there is no violation of a rule, order, or permit, or if there is no evidence that a violation caused the claimed injury, a surface owner is **limited** to the remedies provided for in the West Virginia Code of State Rules, §§ 38-2-16.2c. to 38-2-16.2.c.2, for damages that are a natural result of underground mining. Id. at 142 (emphasis added). Those remedies are as follows:

> 16.2.c. Material Damage. Material damage in the context of this section and 3.12 of this rule means: any functional impairment of surface lands, features, structures or facilities; any physical change that has a significant adverse impact on the affected land's capability to support current or reasonably foreseeable uses or causes significant loss in production or income; or any significant change in the condition, appearance or utility of any structure from its pre-subsidence condition. The operator shall:
>
> 16.2.c.1. **Correct any material damage resulting from subsidence caused to surface lands, to the extent technologically and economically feasible, by restoring** the land to a condition capable of maintaining the value and reasonably foreseeable uses which it was capable of supporting before subsidence;
>
> 16.2.c.2. **Either correct material damage resulting from subsidence caused to any structures or facilities by repairing the damage or compensate the owner** of such structures or facilities in the full amount of the diminution in value resulting from the subsidence. Repair of damage includes rehabilitation, restoration, or replacement of damaged structures or facilities.

10

> Compensation may be accomplished by the purchase prior to mining of a non-cancelable premium-prepaid insurance policy. The requirements of this paragraph only apply to subsidence related damage caused by underground mining activities conducted after October 24, 1992[.]

W. Va. Code R. §§ 38-2-16.2c — 38-2-16.2.c.2 (emphasis added).

Applying the Supreme Court's interpretation of the SCMRA, the Court finds Defendants' arguments persuasive. As discussed above, the statute provides that a court "may award costs of litigation, including reasonable attorney and expert witness fees, to any party whenever the court determines such award is appropriate." W. Va. Code § 22-3-25(d). The remedies listed in the regulations, to which a surface owner is limited for subsidence that is a natural result of underground mining, include (1) correction of damages and (2) compensation for damages.[1] The regulations do not provide a surface owner with the option to seek either an itemization of damages or an operator's opinion as to damages. If Plaintiff desires this information, he can request it through discovery. He could, then, use it to bolster his attempt to compel Defendants to comply with the requirements of the SCMRA and its regulations. However,

---

[1] This Court, like the Fourth Circuit, turns to Justice Workman's astute analysis in her separate opinion: "the relief provided under the regulations is 'available not as "damages" in an action under the statute; it is a remedy available by *operation of law*.'" Schoene v. McElroy Coal Co., 740 F. App'x 249, 257 (4th Cir. 2018) (citation omitted).

Defendants have no obligation under SCMRA or its regulations to produce this information by operation of law. It is not a claim upon which this Court may grant relief. Defendants' motion to dismiss the itemization request will be granted.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss the Amended Complaint [ECF No. 10]. The Court **ORDERS** the following:

- Defendants' motion to dismiss Count One is **GRANTED**;

- Count One is **DISMISSED WITH PREJUDICE**;

- Defendants' motion to dismiss Plaintiff's claim for punitive damages is **GRANTED**;

- Any and all claims for punitive damages are **DISMISSED WITH PREJUDICE**;

- Defendants' motion to dismiss the claim for injunctive relief is **GRANTED WITH RESPECT TO** itemization of the material damages, information about the cost to repair the damages, and opinion as to the diminution in value of Plaintiff's structures and facilities caused by the same; and

- Plaintiff's claims under Count Three as to itemization of the material damages, information about the cost to repair the damages, and opinion as to the diminution in value of Plaintiff's structures and facilities caused by the same are **DISMISSED WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to Counsel of record.

DATED: June 21, 2019

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE